NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3464
_____

MARSHALL DEWAYNE WILLIAMS,
                                        Appellant

v.

UNKNOWN FEDERAL AGENTS;
UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-15-cv-00917)
District Judge:  Honorable A. Richard Caputo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 2, 2017

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 15, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant, Marshall DeWayne Williams, appeals the District Court's order dismissing his post-judgment motion seeking leave, <u>inter alia</u>, to reopen his civil action and excuse the delay in the filing of his proposed amended complaint. Upon consideration of the record, we conclude that the District Court properly declined to reopen the matter and dismissed Williams' motion. Because the appeal presents no substantial question, we will affirm the judgment of the District Court.

Williams is a federal inmate currently confined by the Bureau of Prisons ("BOP") in the United States Penitentiary ("USP")-Lee, located in Virginia. In January 2015, while confined in Texas at USP-Beaumont, Williams filed a complaint in the United States District Court for the Eastern District of Texas pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), against Unknown Federal Agents and the United States of America. Williams alleged that he had been assaulted and mistreated while confined by the BOP in various prisons throughout Tennessee, Arkansas, Kentucky, Oklahoma, and Pennsylvania. In April 2015, the United States District Court for the Eastern District of Texas severed Williams' claims, and transferred those alleging that defendants mistreated him between 2010 and 2012 while he was confined in a facility in Lewisburg, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania.[1]

Because Williams' complaint had been severed into separate civil actions, the District Court for the Middle District of Pennsylvania issued an Administrative Order on

---

[1] Williams also appears to have included allegations against BOP officials which occurred between April and June 2013. <u>See</u> Compl. at 10-11.

2

May 12, 2015, instructing Williams to remit the appropriate filing fees or submit a completed motion seeking leave to proceed in forma pauperis ("IFP"). Williams was provided the necessary forms and was afforded thirty days within which to pay the fees or file an IFP motion. He was also warned that failure to do so within that time would result in the dismissal of his civil action. More than a month and a half went by with no payment or IFP motion having been submitted. Given that the fee issue remained unresolved well beyond the noted deadline, the District Court entered an order on June 30, 2015, dismissing Williams' action without prejudice.

Williams took no further action in the case for nearly thirteen months, at which time he filed a notice of change of address, a proposed amended complaint, and a "Motion for Judicial Notice of Federal Records Excusing Delay and Equitable Tolling of Time to Submit Amended Civil Complaint." The District Court concluded that Williams failed to provide good cause as to why the court should disturb the dismissal order. Additionally, the court noted that, to the extent Williams sought to allege that prison officials interfered with his access to the court following the filing of his action, any such claim would have to be pursued in a new action. Accordingly, the District Court dismissed Williams' "Motion for Judicial Notice" as moot. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We do not hesitate to conclude that the District Court did not abuse its discretion in denying Williams' request to have his action reopened, which we construe as seeking relief under Federal Rule of

3

Civil Procedure 60(b)(6).[2]  See Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011)

(review of the denial of a motion to reopen under Rule 60(b) is for abuse of discretion).

As the District Court correctly noted, Williams provided no good cause as to why the

order of dismissal should be set aside.  In fact, Williams made no mention of the reason

for his failure to comply with the court's Administrative Order instructing him to remit

the filing fees or submit a proper IFP motion.[3]  We further find no abuse of discretion on

the part of the District Court in dismissing as moot Williams' request to file his proposed

amended complaint.  Williams' action involving the alleged mistreatment he suffered at

USP-Lewisburg from 2010-2013 remains closed.  Any allegations that prison officials

interfered with his access to the courts subsequent to the filing of his Bivens complaint in

2015 would be appropriately pursued in a new action as instructed by the District Court.

---

[2]  Insofar as Williams filed his motion more than 28 days after the entry of the order of dismissal (an order which noted a deficiency Williams never sought to rectify), Rule 59 cannot apply here.  See Fed. R. Civ. P. 59.  Similarly, his motion would have been untimely if construed as brought under Rule 60(b)(1)-(3), as such motions must be filed within one year of the challenged order or judgment.  See Fed. R. Civ. P. 60(c)(1). Williams' motion did not allege that the judgment was void or had been satisfied, as required by Rule 60(b)(4) and (5).

[3]  As mandated by statute, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee ...."  28 U.S.C. § 1914(a).  See also Taylor v. Brown, 787 F.3d 851, 858 n.8 (7th Cir. 2015) (citing § 1914(a) and concluding that the filing fee is owed for a severed case that "properly came into being").  Williams was advised of the necessity to seek IFP status for each separate action.  We further note that Williams appears to have had no trouble filing IFP motions in the other severed cases around this same time.  See, e.g., Williams v. Unknown Fed. Agents, et al., E.D. Ky. Civ. No. 15-cv-00068; Williams v. Unknown Fed. Agents, et al., E.D. Ky. Civ. No. 15-cv-00211; and Williams v. Unknown Fed. Agents, et al., W.D. Okla. Civ. No. 15-cv-01082.

4

As this appeal presents no substantial question, we will affirm the District Court's order of dismissal.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.